# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REYNEL VALENCIA, #R55577, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 18-CV-1061-MJR |
| VENERIO SANTOS, EMMANUEL AFUWAPE, SUSAN WALKER, KEITH REYNOLDS, and SARA JOHNSON, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Reynel Valencia, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Centralia Correctional Center ("Centralia"), filed this *pro se* action directing deliberate indifference claims against officials at Centralia and Vandalia Correctional Center ("Vandalia"), the institution where Plaintiff was previously incarcerated.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

The Court also must consider whether misjoinder is an issue. The Court retains authority to sever unrelated claims against different defendants into one or more additional lawsuits for

which Plaintiff will be assessed a filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. The Seventh Circuit strongly encourages district courts to use severance when faced with an omnibus or scattershot complaint, *Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017), and discourages courts from allowing a prisoner "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In a misjoinder situation, severance may occur before preliminary review, allowing the district court to create multiple suits, which can then be separately screened. *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012).

## THE COMPLAINT

On October 15, 2016, when Plaintiff was incarcerated at Stateville Correctional Center, he began experiencing vomiting, abdominal pain, and migraines. (Doc. 1, p. 2). He met with a nurse who concluded Plaintiff might have food poisoning and prescribed Tylenol. (Doc. 1, p. 3).

On October 27, 2016, Plaintiff was transferred to Vandalia. *Id*. While at Vandalia, Plaintiff's symptoms intensified. *Id*. On October 29, 2016, Plaintiff told a nurse he was experiencing abdominal pain and was having 4-5 bowel movements a day. *Id*. The nurse referred Plaintiff to Dr. Afuwape. *Id*. Dr. Afuwape examined Plaintiff on November 4, 2016 and prescribed 2 mg of Imodium. *Id*. On November 11, 2016, Plaintiff had a follow-up visit with Dr. Afuwape and reported the Imodium was not providing relief. *Id*. On November 15, 2016, Dr. Afuwape prescribed 750 mg of Robaxin and 400 mg of Ibuprofen to relieve Plaintiff's

pain. *Id*. However, he did not prescribe any medication to treat the ongoing diarrhea. *Id*. On November 22, 2016, Plaintiff requested further treatment with "NSC". (Doc. 1, p. 4). On November 25, 2016, Dr. Afuwape, once again, prescribed 2 mg of Imodium. *Id*. Plaintiff met with "NSC" and Dr. Afuwape on three more occasions. *Id.* Dr. Afuwape continued to prescribe 2 mg of Imodium, but did not perform any tests or try any alternative treatments. *Id*.

On February 7, 2017, Plaintiff was transferred to Centralia. *Id*. On February 10, 2017, Plaintiff met with Dr. Santos and relayed his history of vomiting and pain associated with multiple daily bowel movements. *Id*. According to the Complaint, Plaintiff reported Imodium was not an effective treatment. (Doc. 1, pp. 4, 6). Nonetheless, Dr. Santos treated Plaintiff by prescribing 2 mg of Imodium. *Id*. Over the next two months, Plaintiff continued to meet with Dr. Santos and Dr. Santos continued to prescribe 2 mg of Imodium. *Id*.

Eventually, Plaintiff asked his family to contact the Warden. (Doc. 1, p. 5). After Plaintiff's family contacted the Warden, Plaintiff received an x-ray. *Id*. The x-ray suggested that Plaintiff has Irritable Bowel Syndrome (IBS). *Id*. Dr. Santos told Plaintiff to drink more water and to continue with 2mg of Imodium. *Id*. Dr. Santos never prescribed "a change in diet, relaxation techniques, methods for lifestyle changes, and never considered antispasmodic drugs to relax the contractions of the digestive tract and help relieve abdominal pain." *Id*. According to Plaintiff, these treatments are recommended by the American College of Physicians. *Id*.

Plaintiff also claims that he submitted grievances at both Centralia and Vandalia pertaining to the allegedly inadequate medical care. Plaintiff directs deliberate indifference allegations against several grievance officials, including (1) Reynolds, Administrative Review Board, for refusing to process his grievance;[1] (2) Walker, Grievance Counselor at Centralia, for

---

[1] The exhibit relating to Reynolds indicates that Reynolds (identified by Plaintiff as Keith Reynolds but listed as Keith McReynolds in the subject exhibit) returned a grievance, which pertained to dietary food poisoning, because

denying his grievance;[2] and (3) Johnson, Administrative Review Board, for denying Plaintiff's appeal.[3] *Id*.

## DISMISSAL OF GRIEVANCE DEFENDANTS

Generally, the denial or mishandling of a grievance – standing alone – is not enough to violate the United States Constitution. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Additionally, as is relevant here, the grievance officials, as non-medical defendants, were entitled to reasonably rely on the expertise of medical professionals. *See Thornton v. Godinez*, No. 17-1473, 2017 WL 6492651, at *2 (7th Cir. Dec.19, 2017). *See also Figgs v. Dawson,* 829 F.3d 895, 903-04 (7th Cir. 2016) (no deliberate indifference where prison administrative staff reasonably deferred to expertise of specialized staff); *Johnson v. Doughty,* 433 F.3d 1001, 1011 (7th Cir. 2006) (same); *Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005) (same).

That being said, an official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez*

---

Plaintiff "failed to follow DR Subpart F in providing date of when food poisoning occurred in order for ARB to review incident." (Doc. 1-1, p. 29).

[2] The exhibit relating to Walker indicates that Walker denied Plaintiff's grievances after conferring with medical staff and concluding Walker's medical concerns were being addressed. (Doc. 1-1, p. 30).

[3] According to the Complaint and an attached exhibit, the appeal was denied after Johnson concluded Plaintiff's medical needs were being addressed by medical staff. (Doc. 1, p. 5; Doc. 1-1, p. 31).

*v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996).

In the instant case, Plaintiff alleges that the named grievance officials (Walker, Reynolds, and Johnson) are subject to liability for denying and/or mishandling Plaintiff's grievances and appeals. Considering the authority discussed above, Plaintiff's allegations, and the relevant exhibits, the Court finds that Plaintiff has failed to state a claim as to these individuals. The grievance officials were not involved in the underlying constitutional violation and, to the extent that grievances were denied, the officials appropriately deferred to medical officials. Further, there is no indication that the grievance officials are subject to liability under the standard articulated in *Perez* or related authority. Accordingly, Walker, Reynolds, and Johnson shall be dismissed from the action without prejudice for failure to state a claim upon which relief can be granted.

### DESIGNATION OF COUNTS

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action..

> **Count 1:** Eighth Amendment claim against Santos for exhibiting deliberate indifference to Plaintiff's serious medical condition (chronic diarrhea and associated pain) when Plaintiff was incarcerated at Centralia.
>
> **Count 2:** Eighth Amendment claim against Afuwape for exhibiting deliberate indifference to Plaintiff's serious medical condition (chronic diarrhea and associated pain) when Plaintiff was incarcerated at Vandalia.

## SEVERANCE

Rule 20 prohibits a Plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. FED. R. CIV. P. 20(a)(2). Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *Id. See also George*, 507 F.3d at 607); 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978).

Rule 18 allows a party to join unrelated claims against defendants in a suit. FED. R. CIV. P. 18(a). However, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, *Intercon Research Assn., Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1983) (citing 7 Charles Alan Wright et al., *Federal Practice & Procedure*). This means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. In addition, under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

Counts 1 and 2 involve discretionary actions taken by different medical officials at different prisons and do not constitute the same series of transactions and occurrences with common questions of fact common to each of the defendants. Dr. Santos and Dr. Afuwape made independent judgments about Plaintiff's condition as it appeared to them at the time. As a result, Dr. Santos and Dr. Afuwape are not properly joined under Rule 20(a)(2), and the claims directed against them do not belong together in a single action.

For these reasons, the Court exercises its authority under Rule 21 and severs the improperly joined claims. The Court will sever Count 2 (directed against Afuwape) into a

separate action. This separate action will have a newly assigned case number and shall be assessed a filing fee. The severed action shall undergo preliminary review pursuant to § 1915A after the new case numbers and judge assignments have been made. Count 1 (directed against Santos) shall remain in this action and shall receive preliminary review below.

### MERITS REVIEW UNDER § 1915(A) – COUNT 1

"The Eighth Amendment's proscription against 'unnecessary and wanton infliction of pain' is violated when prison officials demonstrate 'deliberate indifference to serious medical needs' of prisoners—whether the indifference 'is manifested by prison doctors in response to prison needs or by prison guards in intentionally denying or delaying access to medical care.' " *Lewis v. McLean*, 864 F.3d 556, 562 (7th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A deliberate indifference claim contains both an objective and a subjective component. "[A] prisoner must first establish that his medical condition is 'objectively, sufficiently serious,' and second, that prison officials acted with a 'sufficiently culpable state of mind'—i.e., that they both knew of and disregarded an excessive risk to inmate health." *Id*. at 562-63 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Plaintiff's chronic diarrhea, vomiting, cramping, and pain constitute an objectively sufficiently serious medical condition. Further, according to the Complaint, Dr. Santos ignored existing protocols and/or persisted in a course of treatment he knew to be ineffective. This is sufficient, at this early stage, to state a claim for deliberate indifference as to Dr. Santos. *See Petties v. Carter,* 836 F.3d 722, 729-730 (7th Cir. 2013) (examples of when actions may cross the threshold into deliberate indifference include "when a doctor refuses to take instructions from a specialist," "fails to follow an existing protocol," or "chooses an easier and less efficacious treatment without exercising professional judgment," or where there is "an inexplicable delay in

treatment which serves no penological interest.") (internal citation and quotation marks omitted); *Id.* at 730 (persisting in a course of treatment known to be ineffective can constitute deliberate indifference).

### DISPOSITION

**Dismissal of Certain Defendants**

**IT IS HEREBY ORDERED** that **WALKER, REYNOLDS,** and **JOHNSON** are **DISMISSED** from this action without prejudice. The Court directs the Clerk to terminate them as parties in CM/ECF.

**Severance**

**IT IS HEREBY ORDERED** that **COUNT 2** directed against **AFUWAPE** is **SEVERED** into a new case. That new case shall be: Claim against **DEFENDANT EMMANUEL AFUWAPE (Medical Director at Vandalia Correctional Center)**.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order;
(2) The Complaint and Exhibits (Doc. 1 and Doc. 1-1); and
(3) Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 10).

Plaintiff **will be responsible for an additional filing fee** in the new case.

**IT IS FURTHER ORDERED** that the **only claim remaining in this action, is COUNT 1 directed against SANTOS**.

### Merits Review Count 1

For the reasons set forth above, **COUNT 1** shall receive further review as to **SANTOS**.

**IT IS FURTHER ORDERED** that, as to **COUNT 1**, the Clerk of Court shall prepare for **SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as

identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 14, 2018**

<u>**s/ MICHAEL J. REAGAN**</u>
**Chief Judge**
**United States District Judge**