IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REYNEL VALENCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-01286-MAB |
| | ) |
| EMMANUEL AFUWAPE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. For the reasons set forth below, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## FACTUAL BACKGROUND

Plaintiff Reynel Valencia, an inmate with the Illinois Department of Corrections ("IDOC"), filed this *pro se* lawsuit under 42 U.S.C. § 1983 on May 4, 2018 alleging deliberate indifference claims against officials at Centralia and Vandalia Correctional Facilities (Doc. 1). In his complaint, Plaintiff described experiencing chronic abdominal pain that he alleges staff at Centralia and Vandalia did not address appropriately from approximately October 2016 through a significant portion of 2017 (*Id.*).

After a threshold review, pursuant to 28 U.S.C. § 1915A, Plaintiff's claims were severed into two separate cases, as the claims Plaintiff brought in his complaint involved

discretionary actions taken by different medical officials at different prisons that did not constitute the same series of transactions and occurrences with common questions of fact common to each of the Defendants (Doc. 1). *See* FED. R. CIV. P. 20(a)(2). Accordingly, Plaintiff was allowed to proceed on an Eighth Amendment claim against Defendant Afuwape for exhibiting deliberate indifference to Plaintiff's serious medical condition (chronic diarrhea and associated pain) when Plaintiff was incarcerated at Vandalia and his other claim, related to his experience at Centralia (a separate facility), was severed into a separate case (Doc. 1).

On February 7, 2020, Defendant Emmanuel Afuwape filed a motion for summary judgment, with Plaintiff's response due by March 12, 2020 (Docs. 36, 37). Due to the COVID-19 pandemic, Plaintiff's deadline to timely respond to the motion for summary judgment was extended to May 11, 2020 by Amended Administrative Order No. 261 and Second Amended Administrative Order No. 261. Plaintiff did not file a response to Defendant's motion for summary judgment by either the original March 12 deadline or the extended deadline of May 11, 2020.

On July 17, 2020, the Court ordered Plaintiff to show cause, in writing, by August 17, 2020 as to why his case should not be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b). Plaintiff was also explicitly warned that if he failed to respond to this Order or file a response to Defendant's motion for summary judgment, the case would be dismissed (Doc. 40). To date, Plaintiff has not filed anything with the Court in response to this Order or Defendant's motion for summary judgment.

## ANALYSIS

Under the Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court-imposed deadlines or communicating with the Court. Plaintiff was directed to respond to Defendant's motion for summary judgment. He failed to do so by the deadline despite being warned of the consequences. In fact, in an Order entered on February 12, 2020, the Court reminded Plaintiff that, at that time, his response to the motion for summary judgment was due on or before March 12, 2020 (Doc. 39). That deadline was, of course, later extended as a result of the Court's Administrative Orders issued as a result of the COVID-19 pandemic (*See* Doc. 40). Plaintiff also failed to respond to the Court's Order prompting him to show cause why he has failed to respond to the motion for summary judgment. The Court noted that instead of responding to the Court's Show Cause Order, he could simply file a response to the summary judgment

motion (Doc. 40). Plaintiff's failure to file anything in response to the Defendant's summary judgment motion or the Court's Show Cause Order, however, does not appear to be out of the ordinary for this case. In fact, the Court has reviewed the docket and as best the Court can tell, Plaintiff has not communicated with the Court in any fashion since July 2018 (*e.g.* Doc. 6). Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, this action will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming the district court's decision to dismiss as case for failure to prosecute its case or abide by the court's orders and noting the court's inherent "authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

## CONCLUSION

This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Defendant's motion for summary judgment (Doc. 36) is rendered **MOOT**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of

appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for

filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: September 3, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**